# IN THE COURT OF APPEALS OF TENNESSEE

## EASTERN SECTION AT KNOXVILLE

**FILED**

**December 10, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

ONEIDA WOOD PRODUCTS, INC.,      )
                                 )
    Plaintiff/Appellant           )
                                 )      SCOTT CHANCERY
v.                               )
                                 )      NO. 03A01-9707-CH-00264
ONEIDA WOOD INDUSTRIES, INC.,    )
LUMBER, INC. and DANIEL L.       )
BILLINGSLEY,                     )      HON. BILLY JOE WHITE
                                 )      CHANCELLOR
    Defendants/Appellees          )
                                 )      VACATED and
                                 )      REMANDED

Danny P. Dyer, Knoxville, for Appellant.
Johnny V. Dunaway, LaFollette, for Appellees.

---

## O P I N I O N

INMAN, Senior Judge

The corporate parties are closely held and competitively engaged in the lumber business. David L. Billingsley ["Billingsley"], owns a substantial number of shares of the plaintiff, Oneida Wood Products ["Oneida"], and is a corporate officer. Before his termination on September 13, 1996, he was employed as Plant Manager.

Billingsley is also principal shareholder and President of the defendants, Oneida Wood Industries, Inc. ["OWI"], and Lumber, Inc. The corporate plaintiff accuses him of fraudulent conduct involving his manipulations of the various corporations resulting in his enrichment to the detriment of the plaintiff. The complaint was filed on September 13, 1996. The corporate defendants and Billingsley in course filed their answers, generally denying the allegations of false dealings.

1

On June 2, 1997, the plaintiff filed a motion for a temporary restraining order against Billingsley, who allegedly intended to close an access road to the plaintiff's plant which it had used for eight years.[1]

The defendants, on June 5, 1997, moved to dissolve the TRO, alleging that the affidavit of Escue in support of the motion was 'inaccurate.'

On June 11, 1997, the plaintiff filed a motion for a temporary injunction, which enlarged upon the motion for the TRO. The motion for a temporary injunction was heard on June 12, 1997.

The thrust of the plaintiff's evidence is that the disputed road across Billingsley's land to the public Verdun road has been used for more than seven years and is vital to its continued existence. The thrust of the defendant's evidence is that the plaintiff has no vested rights in the disputed road and that the plaintiff has unfettered access to another public road on which its property abuts.

The Chancellor found no 'legal basis for a permanent easement,' but gave the plaintiff the right to use the 'driveway' for 90 days in order to facilitate another access. The plaintiff appeals, (1) insisting that the defendants should be estopped from denying the existence of the easement, and (2) that the Chancellor improperly "awarded relief to a non-moving party that had not been requested in any pleading."

Our review of the findings of fact made by the trial court is *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise. TENN. R.

---

[1] The TRO was apparently granted. It is not included in the record. We assume it restrained the defendants from closing the "access road." It was supported by the affidavit of Alvin Escue, President and principal shareholder of the plaintiff, who testified, essentially, that the plaintiff would be irreparably harmed if the TRO was not granted.

App. P., Rule 13(d).

The defendants objected to the introduction of evidence of the ownership interests of Billingsley in these competing corporations. According to the pleadings, he owned one-third of the shares of the plaintiff and 100 percent of the shares of each defendant. He was the Secretary of the plaintiff and the President of each defendant. As owner of the land over which the easement by estoppel is claimed, he allowed the plaintiff, which employed him as plant manager, to utilize the easement for seven years. Its use was apparently permissive; there was no documentation involved. Given the apparent posture of Billingsley, which allegedly subjects him to a conflict of interest with respect to the other shareholder of the plaintiff, we think the argument of the plaintiff that the relief granted to Billingsley was in excess of the pleadings is well-taken. *See,* T. C. A. § 48-18-310; 48-18-403; *Knox-Tenn Rental Co. v. Jenkins Ins., Inc.,* 755 S.W.2d 33 (Tenn. 1986); *Fidelity-Phenix Fire Ins. Co. of N. Y. v. Jackson,* 181 S.W.2d 625 (Tenn. 1944); *John J. Heirigs Const. Co., Inc. v. Exide,* 709 S.W.2d 604 (Tenn. App. 1986).

The particular procedural problem presented here is to be found in the fact that the issue was *whether a temporary injunction should be issued,* keeping in mind that none of the defendants filed a pleading seeking to have the plaintiff's right to use the access road terminated. The defendants argue that the Chancellor could not adjudicate the issue of whether to grant a temporary injunction without first determining whether the plaintiff had an easement as claimed; we disagree. The Chancellor based his conclusion that no easement existed because the Statute of Frauds, which was not pleaded, required documentation of it; he did not reach the issue of whether the defendants should be equitably estopped from denying the claimed easement, and as to this we

3

offer no opinion and none should be inferred. We note, in passing, that an easement by estoppel may be established by proof of a representation communicated to the plaintiff which was believed and relied upon. *See, Charton v. Burgess,* Court of Appeals, 1989 WL 105655 (1989). In light of the defendants' sustained objection to testimony relative to the relationship and activities of Billingsley, we think that the issue of whether the plaintiff has an easement as claimed should be reserved for a merit trial. Since the denial of a temporary injunction was based solely upon the finding that no easement existed, the judgment is vacated *in toto* and the case is remanded. Costs are assessed to the appellee.


_____
                                                    William H. Inman, Senior Judge

CONCUR:


_____
Houston M. Goddard, Presiding Judge


_____
Charles D. Susano, Jr., Judge